CHARLES J. JORDAN, Appellant, v. J. C. HILL et al., Appellees.

**TRIAL:** Instructions—Repetitions. It is not necessary to repeat an
1 instruction.

**BROKERS:** Commissions—Sale on Terms Different Than First Con-
2 templated. Where a real estate broker rested his right to a com-
mission solely on the claim of an express oral contract that he
was to have all over $115 per acre, and the property was disposed
of for $125 per acre, *but on terms different from those contem-
plated when the property was listed with the broker,* held that,
in the determination of the issue, it was highly important for
the jury to take into consideration the agreement on which the
property was actually disposed of.

**BROKERS:** Commission—Evidence—Sufficiency. Evidence reviewed,
3 and its sufficiency to support plaintiff's claim to commission ques-
tioned.

*Appeal from Dallas District Court.*—HON. LORIN N. HAYS,
Judge.

SATURDAY, OCTOBER 30, 1915.

ACTION at law to recover an agent's commission for the
sale of real estate. There was a trial to a jury and a verdict
for the defendants. The plaintiff appeals.—*Affirmed.*

*Parsons & Mills* and *D. H. Miller,* for appellant.

*Dingwell & Clarke* and *White & Clarke,* for appellees.

EVANS, J.—Plaintiff, in his petition, claimed a commission
of $10 per acre for the sale of a farm of 274 acres. He sued
in one count only, and upon an express oral contract. The
alleged oral contract was that the plaintiff should have as his
commission all the selling price of the farm above $115 per
acre. The farm was sold at $125 per acre. The contract of

sale, however, required the sellers to take from the purchaser an 80-acre farm at $200 per acre. This they agreed to do, and the sale was consummated. It is undisputed that the defendants listed with the plaintiff their farm at $115 per acre, and it is undisputed, also, that it was really disposed of, as above stated, for $125 per acre. The real dispute between the parties is as to whether the defendant ever agreed to pay the plaintiff the excess of the price above $115. The following excerpt from the testimony of the plaintiff will indicate the general nature of the oral contract upon which plaintiff sues:

"I talked about the farm and the price of it, the way it was located and just a general conversation about the farm. He said they wanted $115 net, and that they would make very easy terms; they didn't need the money but they would make easy terms and would help me sell it. He never said a word about commission in any way, only that they wanted the farm to net them $115 and I told him I would rather have it that way than any other. I told him I expected to get $125 and he said he would help me; told him I would sell the farm, that if the farm was like he said it was, it was cheap at $125 an acre and that I had buyers and would close it up."

The plaintiff did not testify to any express terms whereby the defendant agreed that he should have the excess, but it is contended that such is the fair inference from the language used. On the other hand, the defendants, as witnesses, denied that they ever had any agreement on the subject of commission and testified, in effect, that they intended to pay a reasonable commission for such a sale. Under the theory of the plaintiff, then, he was entitled to recover $10 an acre. Under the theory of the defendants, he was entitled to a *quantum meruit*. The plaintiff, in his petition, claimed no *quantum meruit*, but pleaded that he had received $355, which he tendered as a credit upon the amount otherwise due. The purchaser of the defendants' land was Brooker. The offer of purchase was conditioned upon the sale of his own 80-acre

tract at $200 per acre. The proposition was submitted by the plaintiff to the defendant Hill, who testified to the conversation between himself and plaintiff as follows:

"He said he had a trade for me. I asked him what it was and he said it was an eighty for that farm up there. I asked him where the eighty was and he told me it was the Brooker eighty down east of Waukee and I asked him how he wanted to trade and he said, 'Brooker wants $200 an acre for his eighty and I priced yours at $125', and he said, 'Don't change your price'. I said we will go and look at it and we went."

I. The plaintiff asked the trial court to instruct peremptorily that the plaintiff sold the farm at $125 per acre. Error is assigned because such instruction was not given in terms. It is enough to say that the defendants' answer admitted the sale at $125 per acre, and the trial court so stated the issue to the jury. The plaintiff was not entitled to the emphasis of repetition.

1. TRIAL: instructions: repetitions.

II. Error is assigned upon certain instructions given by the trial court pertaining to the agreement, if any, between the parties, concerning the purchase of Brooker's eighty when Brooker was presented as a customer by the plaintiff. We have quoted above the testimony of defendant Hill at that point. This testimony was undisputed. If this testimony be accepted as true, then, evidently, the increase of price which Brooker was ready to pay for the larger farm would necessarily operate as a material inducement to the acceptance of his farm at the price asked. It goes without saying that, as between the defendants and Brooker, the defendants could have taken the Brooker farm at a reduction of $2,700 in price by making the same reduction to him upon the price of their farm. It would be immaterial to the principals whether the larger or the lesser price were fixed upon in the exchange. There was nothing in the contract of agency between the de-

2. BROKERS: commissions: sale on terms different than first contemplated.

fendants and the plaintiff, even as testified to by plaintiff, which would forbid the principals from agreeing upon the mutual lesser price. Nor was there anything in such contract which would require the defendants to accept the Brooker offer, nor would their refusal render them liable to the plaintiff for a commission. The contract entered into with Brooker involved a new undertaking for the defendants which was not involved in the original listing of their farm with the plaintiff. Plaintiff's right to a commission, therefore, rested not only upon the first agreement but upon the second, as well. If the principals agreed upon the larger price for their respective properties, when it would have been equally advantageous to them to agree upon the lesser, then, according to plaintiff's theory, the defendants must have so agreed and acquiesced in the larger price for the very purpose of enabling the plaintiff to make a profit of $10 an acre on their farm. Clearly, if the principals had agreed upon the lesser price for their respective properties, the difference to be paid by Brooker would be exactly the same, and the commission due the plaintiff could be no more than a *quantum meruit.* The instructions complained of directed the attention of the jury to this second agreement,—that is, the agreement to purchase the Brooker farm. The jury was properly allowed to take this agreement into consideration. We think that it was highly important that it should be considered, and we find nothing in the instructions that could be deemed prejudicial in any degree to the rights of the plaintiff.

Indeed, we think it doubtful whether the testimony of the plaintiff himself can be said to disclose an express promise to pay to the plaintiff the excess of the selling price over $115. So far as mere inference is concerned, the conversation, as testified to by the plaintiff, was quite as capable of an unfavorable inference as of one favorable to his theory. The contract as contended for by him was at least a strain upon the appropriate relations of an agent to his principal. The exceptions

3. **BROKERS:**
   commission:
   evidence: sufficiency.

to the instructions are not well taken. The judgment below is accordingly—*Affirmed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.